**WAI LING CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2761–ag.**

United States Court of Appeals,
Second Circuit.

June 9, 2006.

Michael Brown, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Brian M. Feldman and Kathy S. Marks, Assistant United States Attorneys, New York, NY, for Respondent.

Present: JAMES L. OAKES, AMALYA L. KEARSE and DENNIS JACOBS, Circuit Judges.

**SUMMARY ORDER**

Wai Ling Chen petitions for review of the April 2004 BIA decision affirming Immigration Judge ("IJ") John Opaciuch's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

**40**

Although Chen argues that the BIA abused its discretion by not providing cogent reasons for denying her appeal, this Court has upheld the BIA's regulations which permit the BIA to affirm and adopt an IJ's decision without an independent written opinion. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–57 (2d Cir.2004); 8 C.F.R. § 1003.1(e).

Moreover, contrary to Chen's assertions, she is not automatically entitled to asylum or withholding of removal due to her mother's forced sterilization and her sister's forced abortion because Chen was not herself persecuted and she was not the spouse of the individual who was persecuted. *See Jian Wen Wang v. Bureau of Citizenship and Immigration Serv.,* 437 F.3d 276, 277–78 (2d Cir.2006); *Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) *(per curiam).* The IJ also properly determined that Chen's fears of future persecution were "speculative at best" because she is unmarried and has no children. *See Huang v. I.N.S.,* 421 F.3d 125, 129 (2d Cir.2005).

Finally, because Chen has made no argument regarding the other aspects of the IJ's opinion, she has waived her right to challenge those determinations. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (holding that claims not adequately addressed in the petitioner's brief may be deemed waived).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Chen's pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).